UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JAMAL RASHAD CRAWFORD                                                     PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:17-CV-P618-TBR

KATREESE WALKER et al.                                              DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Jamal Rashad Crawford, filed a *pro se*, *in forma pauperis* civil-rights complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the complaint will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff is a pretrial detainee at the Louisville Metro Department of Corrections (LMDC). He sues LMDC Classification Supervisor Katreese Walker in her individual and official capacities. He also sues LMDC Director Mark Bolton or his designee in his official capacity.

Plaintiff alleges that Defendant Walker denied him copies of legal documents, violating his Eighth and Fourteenth Amendment rights. He asserts: "When Katreese Walker instructed employees of the [LMDC] to deny me copies of foregoing legal pro se motions which were in the form of a defense within state court, she denied me Due Process access to the courts which was in direct violation of my 14th Amendment right." He alleges that Defendant Walker has caused him "to appear in an unprofessional manner before state court. I'm impacted daily by the

humiliation felt. My motions were said to be an exparte communication being that copies weren't sent to the proper parties involved."

As relief, Plaintiff asks for monetary and punitive damages.

## II. <u>ANALYSIS</u>

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Although the complaint refers to the Eighth and Fourteenth Amendments, "[t]o sustain a claim under section 1983 based on denial of copying privileges, an inmate must show that the denial prevented him from exercising his constitutional right of access to the courts." *Kendrick v. Bland*, 586 F. Supp. 1536, 1554 (W.D. Ky. 1984). "The First Amendment protects an inmate's right to access to the courts, but not necessarily his access to all the legal assistance or materials

2

he may desire." *Tinch v. Huggins*, No. 99-3436, 2000 WL 178418, at *1 (6th Cir. Feb. 8, 2000) (citing *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985)); *see also Courtemanche v. Gregels*, 79 F. App'x 115, 117 (6th Cir. 2003) ("[T]he right of access does not include a per se right to photocopies in whatever amount a prisoner requests.").

In order to state a claim for interference with access to the courts, a plaintiff must show an actual injury. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "'[M]eaningful access to the courts is the touchstone,' and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* (internal citations omitted). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005).

Furthermore, the Supreme Court has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). The Court held in *Christopher* that, "[l]ike any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.

In the present case, Plaintiff fails to allege actual injury or prejudice to a qualifying pending legal action or state how any legal action in which he is involved was hindered.

Plaintiff's allegation that he felt "humiliation" when his motions were said to be *ex parte* does not rise to the level of a constitutional violation. Accordingly, Plaintiff's claim that he was denied copies fails to state a constitutional violation and will be dismissed.

### III. CONCLUSION

For the foregoing reasons, this action will be dismissed by separate Order.

Date:


cc: Plaintiff, *pro se*
       Defendants
       Jefferson County Attorney
4413.009